ELIOT B. MAYO *vs.* JOSEPH MORITZ & others.

Suffolk.    March 27, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trust — Partnership — Equitable Attachment.*

An inventor assigned to a trustee his invention and his application for letters pat- ·
ent therefor, to manage and dispose of the same in his discretion, and to divide
the net avails between the inventor and the holders of scrip to be issued.   The
trustee accepted the trust, and issued the scrip to himself and to others, and con-
tracted a debt for the purposes of the trust.   *Held,* that the scrip-holders were
not partners, but were *cestuis que trust,* entitled to share in the avails of the prop-
: erty when sold; and that the creditor could not maintain a bill in equity under
the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, to have the trust
property sold, and the proceeds applied to the payment of his single debt.

BILL IN EQUITY, filed in the Superior Court against Joseph
Moritz, John Fandel, William H. Fernekees, and Charles G.
Loeber, alleging that the defendants, on April 23, 1888, exe-
cuted the following instrument under seal:

" Whereas, I, Charles G. Loeber, of Boston, in the county of
Suffolk and Commonwealth of Massachusetts, have invented a
certain new and useful improvement in pneumatic engines, for·
which I have already applied for letters patent of the United!
States, under serial number 262,408, and therein fully described,.
and whereas I propose also to thereafter make application for
letters patent for said invention to foreign governments:

" Now, therefore, be it known that for and in consideration
of the sum of one dollar to me in hand paid by Joseph Moritz,
John Fandel, William H. Fernekees, and Charles G. Loeber, all
of Boston, Mass., trustees, the receipt whereof is hereby acknowl-
edged, I, the said Charles G. Loeber, have sold, assigned and
transferred, and by these presents do sell, assign, and transfer
unto the said Joseph Moritz, John Fandel, William H. Fernekees,
and Charles G. Loeber, trustees, the full and exclusive right, both
in the United States and in all foreign countries, to the said in-
vention, as fully set forth and described in the specification pre-
pared and executed by me preparatory to obtaining letters patent
of the United States therefor, and I do hereby authorize and

request the Commissioner of Patents to issue the said letters patent to the said Moritz, Fandel, Fernekees, and Loeber, trustees, as the assignees of my entire right, title, and interest in and to the same, for the sole use and behoof of the said trustees, and their successors, to have and to hold the same in trust nevertheless, and upon the conditions and for the uses hereinafter mentioned; that is to say, to hold, manage, and dispose of the same, or any part thereof, or any interest therein, to such person or persons, or body corporate, upon such terms and conditions as may seem to them or a majority of them best, and after deducting all expenses, including a reasonable compensation for their own services, to pay over the net avails as they shall receive the same, one half to myself, the said Charles G. Loeber, or my representatives, for my or their own sole use, and in my own right as inventor and patentee, and the other one half to the holders of the scrip hereinafter described (as shown on the books of the secretary hereinafter mentioned), according to their several interests as specified in their scrip certificates. But it is expressly stipulated that no purchasers from said trustees, and no licensee, shall be under any obligation or responsibility concerning the application of the moneys paid by them respectively to said trustees.

" The scrip above mentioned, a blank certificate whereof is hereto annexed, is issued by me for the purpose of taking up and cancelling certain outstanding scrip, and for the further purpose of raising additional capital for the more advantageous disposition of my aforesaid invention, under the letters patent aforesaid, and under letters patent to be applied for to foreign governments, and the entire issue of said scrip shall be limited in amount to twenty-five hundred shares. All moneys received from the sale of said scrip shall be paid into the hands of a treasurer, to be appointed from time to time by said trustees from among their number, and shall be paid out by him only upon written vouchers, duly approved by at least two of said trustees other than himself. Said scrip shall before issue be signed by said Loeber as inventor, and countersigned by one other trustee, to be designated by them. Certificates shall be transferable by indorsement on the back thereof, duly recorded in a book to be kept for the purpose by a secretary, to be appointed by

said trustees.    Until otherwise ordered by said trustees, the said William H. Fernekees is appointed secretary and treasurer.   All vacancies occurring among the trustees shall be filled as soon as possible by a majority vote of the remaining trustees, and there-upon the new trustee shall succeed to all the rights of the re-tiring trustee, and the continuing trustees shall have power to execute any and all documents necessary to fully invest him with the same.

" The said Loeber agrees upon demand to, at any time, execute such documents with such formalities as may be required by the laws of any foreign government to vest in said trustees full title to said invention under and by virtue of any foreign letters patent to be issued therefor.   In disposing of the said inven-tion and letters patent, or any part thereof or interest therein, the said trustees shall make it a condition that the vacuum en-gine and the hermetic valve apparatus of said invention shall be manufactured, put upon the market, and introduced as the ' Loeber Pneumatic Engine ' and the ' Loeber Hermetic Valve ' respectively.

" And the said Moritz, Fandel, Fernekees, and Loeber hereby accept the said trust, and promise to execute the same in con-formity with the terms and conditions thereof as herein set forth."

The bill further alleged that the defendants assumed the trust thus imposed upon them, and issued scrip to a large amount to themselves and to divers persons whose names were to the plain-tiff unknown ; that the defendants, for the purposes of the trust, under the name of the Loeber Pneumatic Engine Company, en-tered upon and occupied, from September 1, 1888, to Septem-ber 1, 1889, certain premises of the plaintiff in said Boston, and agreed to pay to the plaintiff for the same the sum of thirty dol-lars per month, and further agreed to pay to the plaintiff the sum of ten dollars per month for steam power furnished them by the plaintiff during the period aforesaid ; that the defend-ants, scrip-owners, were copartners, and as such liable to the plaintiff for the total of the sums aforesaid, no part of which had ever been paid to the plaintiff ; that the only copartnership asset of which the plaintiff had knowledge was the interest of the trustees and the scrip-owners in the application for letters

patent under serial number 262,408, and the invention covered thereby, and in the other interests conveyed to the trustees by the said document.

The bill prayed that the defendants be required to disclose the names and places of residence of each of their copartners, own- ·ers of scrip issued under the said document, in order that they might be made parties to the bill, and be summoned to appear and make answers thereto; that thereafter a decree might be entered that the trustees and scrip-owners, as copartners, owe the plaintiff as aforesaid, and that judgment be entered for the plaintiff with costs; for a receiver who should be directed to sell all the interests of the trustees and scrip-owners under the said document, and apply the proceeds towards the satisfaction of such judgment; that for any balance then remaining unpaid execution should issue against the individual estates of the trustees and scrip-owners as copartners; and for a preliminary injunction forbidding the defendants, or either of them, from placing any incumbrance upon, or making any sale, transfer, or disposition of, the invention and application for a patent pending this suit.

The defendants demurred to the bill on the following grounds: (1) want of equity; (2) that the plaintiff is not entitled to have applied to his debt the interest in the application for letters patent described in the bill; and (3) that the plaintiff had an adequate remedy at law.

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

*G. A. O. Ernst,* for the plaintiff.

*R. T. Paine,* 2d, (*A. Lyman* with him,) for the defendants.

C. ALLEN, J. The deed of trust does not have the effect to make the scrip-holders partners. It does not contemplate the carrying on of a partnership business upon the joint account of the grantor and the scrip-holders, and in this respect the case is unlike *Gleason* v. *McKay,* 134 Mass. 419, and *Phillips* v. *Blatchford,* 137 Mass. 510. The scrip-holders are *cestuis que trust,* and are entitled to their share of the avails of the property when the same is sold.

If the trustees contracted a debt to the plaintiff, they are liable for it personally, and an action at law may be maintained by him against them. Creditors may also resort to the trust

fund, under proper circumstances. *Mason* v. *Pomeroy, ante,* 164. In the present case, the plaintiff seeks to have the whole trust property sold, and the proceeds applied to the payment of his single debt. The ground relied upon by him in argument is, that under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, a bill in equity will lie to reach and apply in payment of a creditor's claim an invention belonging to the defendant for which letters patent have not been issued, though application therefor has been made. This question, however, does not arise in the present case. The alleged debt is the personal debt of the trustees, and if they were the owners of the invention in their personal capacity, and if they had no property which could be come at to be attached, then the question might arise which has been argued. But the invention is held in trust, and is trust property. Different rules apply to such a case from those which are applicable to a bill brought to reach and apply a debtor's property under the statutes.

There is a further question, which has not been touched upon in argument, namely, whether under the St. of 1887, c. 383, the plaintiff is entitled in this suit to have a personal judgment against the trustees for the amount of his claim, if claim he has. Since this question has not been presented to us, we do not consider it; leaving the plaintiff to seek this remedy, as also to ask for an amendment changing his proceeding into an action at law, if he is so advised, in the Superior Court. Unless this is done, the order must be,                *Decree affirmed.*