### In re ASSOCIATED TRUST.

#### (District Court, D. Massachusetts.   October 8, 1914.)

#### No. 21114.

BANKRUPTCY ☞70—WHO MAY BE ADJUDGED BANKRUPTS—"UNINCORPORATED COMPANY"—TRUSTS.

A trust association, created by an instrument of trust providing that the property acquired shall be held and managed by a trustee, but the capital of which is contributed by certificate holders who have power to elect a trustee in case of vacancy, each share having one vote; also to amend the declaration of trust, increase the number of shares. and by a three-fourths vote terminate the trust, is an "unincorporated company" within the meaning of Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (Comp. St. 1913, § 9588), and under said section is subject to adjudication as a bankrupt. ·

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞70.

For other definitions, see Words and Phrases, First and Second Series,. Association.]

In Bankruptcy.   In the matter of The Associated Trust, alleged bankrupt.   On motion to dismiss petition.   Motion denied.

Hewitt & Williams, of Boston, Mass., for petitioning creditors.
John Noble, Jr., of Boston, Mass., for objecting creditors.

MORTON, District Judge.   This involuntary petition in bankruptcy is against "The Associated Trust, a voluntary association and unincorporated company maintaining its principal place of business in Boston, district aforesaid, operating there, and Charles A. Digney, Judd Dewey, and Forris W. Norris, all of Boston, as trustees of said The Associated Trust," and it prays that "The Associated Trust and Charles A. Digney, Judd Dewey, and Forris W. Norris, as trustees of The Associated Trust," may be adjudicated bankrupt. The questions now before the court arise on a plea and certain answers, which raise the point whether the respondent is subject to adjudication under the Act. The facts are settled by the stipulation of the parties. The petition does not allege that the respondent is a partnership, either of the trustees or of the shareholders, nor that it is a corporation within the broad definition of the Bankruptcy Act. Adjudication is not sought on either of those grounds. "Voluntary associations" are not specifically referred to in the Bankruptcy Act, which apparently treats them as

<hr>

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

partnerships. The principal questions are (1) whether the respondent is an "unincorporated company"; and, if not, (2) whether the respondents Digney, Dewey, and Norris are subject to adjudication as trustees, and not as individuals.

As to (1): The respondent is a Massachusetts real estate trust, a form of business organization which is not uncommon in this state and is very uncommon elsewhere. 21 Yale Law Journal, 311. Its character is to be determined by the law of Massachusetts, where it is located. Re Hercules Atkin Co. (D. C.) 133 Fed. 813. The legal character of trusts resembling the respondent has several times arisen in the Massachusetts courts, generally upon questions of taxation, and the court has been called upon to decide whether they were to be taxed as partnerships, or as ordinary trusts. In some cases, such organizations have been held to be partnerships (Williams v. Johnson, 208 Mass. 544, 552, 95 N. E. 90), and in others to be strictly trusts (Williams v. Milton, 215 Mass. 1, 102 N. E. 355). The distinction between the two turns upon the provisions of the trust agreement or declaration. In cases where, by the declaration of trust, the shareholders are given substantial control of the management of the trust property, the trust is held to be a partnership; in cases where shareholders have no such control, the trust is held, for the purposes of taxation, to be of the same sort as the usual testamentary trust, and not to be a partnership. No middle ground is found in the Massachusetts decisions. The respondent therefore contends that it is either a strict trust, having no separate entity which can be adjudicated, or that it is a partnership, and that in neither case can a decree of adjudication be made upon this petition.

The words "unincorporated company" are not found in any Massachusetts statute which has been considered in connection with these organizations. Their meaning in the Bankruptcy Act is by no means certain. The word "unincorporated" is clear; the word "company" in this connection is much less definite. It would seem to imply an association of individuals, not partners, carrying on business under a distinct name, and having common rights inter se, but having no individual ownership in the joint property, no individual control over the business in which their joint capital is embarked, and no direct individual liability for the company's debts. Its use in connection with the word "unincorporated" would seem to imply that the organization should have some of the attributes usually found in corporations.

The character of the respondent is to be gathered from the trust deed. Under it, the trustee declared that he would take and hold in trust money paid to him by other persons to the amount of $1,000,000, for which he would issue transferable certificates having a face value of $100, entitled to interest, and to participate in surplus earnings, and also entitled to borrow from the trust 60 per cent. of the face value of the certificate, and after five years to receive from the trust in cash the face value of the certificate upon the surrender thereof. The trustee is given very broad powers as to the management of the property in which the trust funds are invested, with the right to determine what part of the income shall be divided and what shall be retained as surplus. He has no power to bind any of the certificate holders; and

they have no power to interfere directly in the management of the property, and no title to it. A "board of directors" is provided for, who may be appointed by the trustee and are removable by him; their duties are merely to advise the trustee; they are negligible as to the questions here raised. Up to this point there would seem to be nothing in the organization differentiating it under the Massachusetts decisions from what may be called an ordinary trust; that is, the beneficiaries, cestuis, or certificate holders (whichever they may be called), have no interest in the trust property and no right of joint action for control of it. They are in substance like beneficiaries in a trust under a will. There is no organization having a distinct entity apart from the trustee.

But the declaration of trust also provides that, if the trustee resigns, the certificate holders may, at a meeting called for the purpose, elect a new trustee (paragraph 16); that vacancies in the trusteeship may be filled by election by a majority vote of the certificate holders at meetings duly called (paragraph 17); that at such meetings a majority of the outstanding shares shall constitute a quorum, and that each share shall be entitled to one vote which may be cast by proxy (paragraph 29); that upon notice in the manner provided special meetings of the certificate holders may be called by the trustee, and shall be called on written application of three or more certificate holders having not less than 20 per cent. of the outstanding shares (paragraphs 28, 31, 32); that the certificate holders by a three-quarters vote of the outstanding shares may determine the trust (paragraph 33), increase the number of shares, and amend the declaration of trust (paragraph 36).

It thus appears: (1) that the respondent has a capital contributed by the certificate holders. (2) That future managers are to be chosen by the certificate holders. (3) That the character, scope, and size of the enterprise may be changed by the certificate holders, and that it may be terminated by them. (4) That these rights and powers are given to the certificate holders in the instrument by which the Associated Trust is constituted.

The absolute powers of termination and amendment give the certificate holders, as it seems to me, the ultimate control of the business of the trust whenever they choose to take that power into their hands. They have not yet done so; but the character of the organization is to be gauged rather by the powers of the certificate holders, than by the extent to which those powers have as yet been exercised. The analogy between the respondent organization and a corporation is apparent. The certificate holders clearly possess many of the most characteristic powers of stockholders. If the expression "unincorporated company" in the Bankruptcy Act does not describe such an organization as the respondent, it is difficult to see what meaning can be given to those words. To hold the respondent a partnership within the Bankruptcy Act would lead to results never contemplated by anybody, and would impose upon the certificate holders obligations which neither they nor the creditors of the trust supposed existed. It would be a very unjust result. To hold that the respondent is not an organization, and is nothing more than a strict trust, is almost as far from the fact as to hold it to be a partnership. These certificate holders voluntarily united into

a business organization, in which they invested their money under a contract by which they acquired certain individual rights against the trustee, and certain other rights to be exercised by joint action of all the certificate holders. "Unincorporated company" seems to me exactly to describe what the respondent is.

I therefore am obliged to hold that the plea and the motions to dismiss contained in the answer cannot be sustained, and that the respondent is subject to adjudication.

The result reached makes it unnecessary to consider the second question above stated.