## SIMSON et al. v. KLIPSTEIN.

### (District Court, D. New Jersey. January 30, 1920.)

1. PARTNERSHIP ⬦≈20—WHETHER ASSOCIATION IS TRUST OR PARTNERSHIP DEPENDS ON INSTRUMENT CREATING IT.

Whether an association is a trust or partnership depends on whether the instrument creating it vests the power to control its management. Where such power is in trustees it is a trust, but where vested in the shareholders it is a partnership, without regard to whether or not they have ever exercised such power.

2. PARTNERSHIP ⬦≈20—ASSOCIATION HELD PARTNERSHIP.

An association formed under articles providing that the legal and equitable title to all property should be in two trustees, with power to carry on business, make contracts, and buy and sell property, but that the beneficial interest should be in certificate holders, who were given power to amend or change the articles, held a partnership.

3. PARTNERSHIP ⬦≈198—RIGHT TO SUE BY AGENT.

Where the articles of an association constituting a partnership named two trustees, in whom was vested the legal and equitable title to all property, with general power to buy and sell, such trustees held agents of the partners, who were certificate holders, and entitled under the law of New Jersey to maintain a suit in their own name on behalf of the association relating to its property.

4. COURTS ⬦≈311—CITIZENSHIP CONFERRING JURISDICTION ON FEDERAL COURT.

Jurisdiction of a federal court on the ground of diverse citizenship depends on the personal citizenship of the parties to the record, and not on the citizenship of the persons whom they represent.

At Law. Action by Leslie N. Simson and George W. Hunter, trustees, against Ernest C. Klipstein. On motion to dismiss for want of jurisdiction. Denied.

McCarter & English, of Newark, N. J., for plaintiffs.

Frederick Seymour, of New York City, and Borden D. Whiting, of Newark, N. J., for defendant.

DAVIS, District Judge. Defendant in the above-stated cause moved to dismiss the same on the ground that this court is without jurisdiction because one of the necessary parties plaintiff and the defendant are both citizens of the state of New Jersey. The defendant further asks permission to take testimony to establish the citizenship of the said necessary party and for an order adding the name of said party plaintiff to the complaint.

[1] On March 15, 1916, the plaintiffs, Simson and Hunter, by an instrument purporting to be a declaration of trust, called "Articles of Association of Midvale Chemical Works," established a proposed trust and constituted themselves trustees thereof. Their plan contemplated that, as trustees of the Midvale Chemical Works, the name of the proposed trust, persons would give to them money, in return for which they would issue certificates entitling the holders thereof to share in the profits resulting from their management of the enterprise upon which they were to embark with said money. The certifi-

cate holders were the beneficial owners of the money contributed by them, in that they were to share in the profits earned and in the final distribution of the assets of the association, in accordance with the terms of the articles of association. According to said terms, however, the legal and equitable title to the property is vested in the said trustees.

The trustees purchased at Elizabeth, N. J., some considerable real estate and established and operated a factory thereon, wherein aniline oil, etc., was manufactured. On May 31, 1917, the "Midvale Chemical Works, by George W. Hunter, Leslie N. Simson, trustees," entered into an agreement with the defendant for the sale to him of said real estate and factory for the sum of $150,000, and also for the personal property, including the raw materials on hand, an inventory of which, the plaintiffs allege, showed it to be worth about $45,000 in addition. The defendant entered into possession of the property, but it developed that the said trustees could not give a clear title to the real estate and the defendant refused to accept a deed for the same. During the time title to said real estate was being determined by litigation in the Court of Chancery of New Jersey, the defendant continued in possession of the property and operated the factory. For his alleged failure to pay for the personal property and raw materials, for his refusal to remove from the premises at the termination of the litigation in accordance with the terms of an agreement entered into while litigation was going on, and for damages alleged to have been done to the said property while in possession of defendant, plaintiffs brought this action against him to recover the sum of $141,870.78. The defendant is before this court on motions as aforesaid.

Whether or not an association is a trust or partnership depends upon the instrument creating it. Real estate trusts, such as this claims to be, have arisen principally in Massachusetts and Missouri. Upon a careful examination of the articles of association of the Midvale Chemical Works and of the cases bearing upon this question, I am of the opinion that the Midvale Chemical Works is a partnership. The test is the power of control of the management of the association. If the certificate holders have the power of control, the association is a partnership; if they have not, and the power of control is in the trustees, it is a trust. "The distinction," said Judge Morton, in the case of In re Associated Trust (D. C.) 222 Fed. 1012, "between the two turns upon the provisions of the trust agreement or declaration. In cases where by the declaration of trust, the shareholders are given substantial control of the management of the trust property, the trust is held to be a partnership; in cases where shareholders have no such control, the trust is held, for the purposes of taxation, to be of the same sort as the usual testamentary trust, and not to be a partnership." Hoadley v. County Commissioners, 105 Mass. 519; Whitman v. Porter, 107 Mass. 522; Gleason v. McKay, 134 Mass. 419; Phillips v. Blatchford, 137 Mass. 510; Ricker v. American Loan & Trust Co., 140 Mass. 346, 5 N. E. 284; Mayo v. Moritz, 151 Mass. 481, 24 N. E. 1083; Williams v. Boston, 208 Mass. 497, 94 N. E. 808; Williams

v. Milton, 215 Mass. 1, 102 N. E. 355. In the last case cited, Judge Loring, in distinguishing the cases, said the difference—

"lies in the fact that in the former cases the certificate holders are associated together by the terms of the 'trust' and are the principals whose instructions are to be obeyed by their agent, who for their convenience holds the legal title to their property. The property is their property. They are the masters. While in Mayo v. Moritz, on the other hand, there is no association between the certificate holders. The property is the property of the trustees, and the trustees are the masters. All that the certificate holders in Mayo v. Moritz had was a right to have the property managed by the trustees for their benefit. They had no right to manage it themselves, nor to instruct the trustees how to manage it for them. As was said by C. Allen, J., in Mayo v. Moritz, 151 Mass. 481, 484 [24 N. E. 1083]: 'The scrip holders are cestuis que trust, and are entitled to their share of the avails of the property when the same is sold,' and that is all to which they were entitled. In Mayo v. Moritz the scrip holders had a common interest in the trust fund in the same sense that the members of a class of life tenants and the members of a class of remaindermen (among whom the income of a trust fund and the corpus are to be distributed respectively) have a common interest. But in Mayo v. Moritz there was no association among the certificate holders just as there is no association, although a common interest among the life tenants or the remaindermen in an ordinary trust."

It was held in New Jersey that the mere sharing in profits would make persons partners as to third parties, even though there was no intention to become partners. Sheridan v. Medara, 10 N. J. Eq. 469, 64 Am. Dec. 464; Voorhees v. Jones, 29 N. J. Law, 270. Later this rule seems to have been modified, so that profit sharers must have the power of control, in order to constitute them partners. Wild v. Davenport, 48 N. J. Law, 129, 7 Atl. 295, 57 Am. Rep. 552. It is not necessary that the power of control should be actually exercised for partnership to exist. It is sufficient if the power is given, though never exercised. In re Associated Trust (D. C.) 222 Fed. 1012, supra. This would follow as a necessary corollary from the statement that whether or not a partnership exists, rather than a trust, depends upon the terms of the creative instrument, the trust declaration, for it could not be determined from the examination of such instrument whether or not the power given by it had been exercised.

[2] Power of control in the case at bar is given to the certificate holders in the articles of association. By articles X and XI a meeting may be called at any time, and the certificate holders may amend any and all of the articles of the association, except in three particulars, not essential to the substantial control of the association or the management of the property thereof. In article II, it is provided that:

"The trustees shall have the power to contract and carry on in the name of and for the association any business which could be lawfully conducted or carried on by an individual, and, in the conduct of such business, may use and invest any funds of the association and shall have full general power and authority to buy, sell, pledge, mortgage, grant, convey and exchange property of every description, real, personal or mixed," etc.

Suppose at one of their meetings provided for in article XI, the certificate holders should pass a resolution amending article II, line 1, by striking out the word "trustees" and substituting in lieu thereof

the words "certificate holders," the trustees would be practically stripped of their control and operation of the enterprise.

In article XXI, it is provided that:

"The trust here created shall terminate at the expiration of 21 years after the death of the last survivor of the above named trustees," etc.

If in one of their said meetings the certificate holders should pass a resolution amending the said article, so that the trust should terminate forthwith, the trustees would be powerless and the trust would come to an end. The trustees have no vote in such matters, nor have they, so far as the facts before me disclose, any capital of their own in the enterprise to protect. It is evident that the power of control of the management is in the certificate holders, and may at any time be exercised by them, notwithstanding any opposition the trustees might offer. The certificate holders are associated together by the terms of the creative instrument. The association is therefore a partnership, and not a trust.

[3] Does it thereupon follow, as contended by the defendant, that the names of the certificate holders should be added as parties plaintiff, one of whom, it is alleged, is a citizen of New Jersey, which fact ousts this court of jurisdiction? It should be noted that the association is a partnership, the certificate holders themselves being the partners, and not, as defendant seemed to think, partners with the trustees, who are not certificate holders. There is, therefore, no trust here, and strictly speaking no trustee. The so-called trustees represent the certificate holders. The certificate holders are principals, and the trustees, the plaintiffs, are their mere "managing agents." By whatever name, however, they are designated, there can be no doubt that they have full authority to represent the certificate holders and bind them in all transactions touching the property. It will be recalled that by article II the "trustees" "have full general power and authority to buy, sell, pledge, mortgage, grant, convey, and exchange property of every description, * * * and do all things necessary to the conduct of the business which they may undertake." It is further provided in article IV that:

"The trustees shall be deemed the absolute owners of all the property of the association and both the legal and equitable title to all such property shall be vested absolutely in them."

The defendant in all his dealing with the plaintiffs, has regarded and accepted them as accredited authoritative agents of the certificate holders, with full power to deal as they pleased with the property contributed by said certificate holders. That the present plaintiffs are the proper parties plaintiff in a suit in equity in New Jersey touching said property was decided in the case of Simson et al. v. Klipstein, 88 N. J. Eq. 229, 102 Atl. 242. The parties plaintiff and defendant were the same in that case as in the instant case and the same questions which are raised here as to proper parties were raised there, and decided against the defendant. In view of the powers conferred upon the so-called trustees or "managing agents" by the articles of the association,

the recognition by the defendant of their full and unquestioned authority of the association, and the decision of the Court of Chancery of New Jersey holding that the plaintiffs are the proper parties plaintiff in a suit touching said property, I am of the opinion that Simson and Hunter are proper parties plaintiff, and have full power and authority to represent the certificate holders in this proceeding.

[4] It is settled that the jurisdiction of federal courts depends upon the personal citizenship of the parties to the record, and not upon the citizenship of the parties whom they represent. Memphis St. Ry. Co. v. Bobo, 232 Fed. 708, 710, 146 C. C. A. 634. To put it in another way, representatives may stand upon their own citizenship in federal courts, irrespective of the citizenship of the persons whom they represent—such as executors, administrators, guardians, trustees, receivers, etc. The evil which the law, prohibiting the creation of federal jurisdiction by assignments, intended to obviate, was the voluntary creation of federal jurisdiction by simulated assignments made for that sole purpose. But assignments or conveyances by operation of law creating legal representatives are neither within the mischief nor reason of the law. New Orleans v. Gaines, Administrator, 138 U. S. 595, 606, 11 Sup. Ct. 428, 34 L. Ed. 1102; Mexican Central R. R. Co. v. Eckman, 187 U. S. 429, 434, 23 Sup. Ct. 211, 47 L. Ed. 245. The plaintiffs are "managing agents," having the legal and equitable title to the property in question, and are proper parties to the record, and so come within the above exception.

It appears from the complaint that Simson is a citizen of New York, and Hunter of Missouri, while the defendant is a citizen of New Jersey. This cause of action, therefore, being a controversy exceeding, exclusive of interest and costs, the sum or value of $3,000, is properly in this court, and the motions of the defendant are denied. The defendant may have 20 days, after the entry of order, within which to answer.