*1279 OPINION.
Smith:
The petitioner claims that it is taxable as a trust under the provisions of section 219 of the Revenue Act of 1924, whereas the respondent has held the petitioner to be an association taxable as a corporation in accordance with article 1502, Regulations 65, as amended by Treasury Decision 3748.
The record discloses that the petitioner was actively engaged in the conduct of the theatre business in Rochester, Minn., and we are of the opinion that substantial control of the petitioner during the taxable years under review was vested in the shareholders under the provisions of article XI, paragraph 2, of the agreement and declaration of trust by which the petitioner was created. Cf. In re Associated Trust, 222 Fed. 1012; Simson v. Klipstein, 262 Fed. 823.
Issues similar to the one raised in the instant proceedings have been decided by us in several earlier cases, Anderson Steam Vulcanizer Co., 6 B. T. A. 737; Durfee Mineral Co., 7 B. T. A. 231; E. A. Landreth Co. et al., 11 B. T. A. 1; Trustees for Gonzolus Creek Oil Co., 12 B. T. A. 310; Alexander Trust Property, 12 B. T. A. 1226; Woodrow Lee Trust, 14 B. T. A. 1420; and Extension Oil Co., 16 B. T. A. 1028.
Each of the foregoing cases necessitated a construction of the particular trust agreement involved therein, and our decision in each case was based upon the facts applicable thereto. However, in Durfee Mineral Co., supra, we said:
* * * That the better rule and the one used by the courts to-day in classifying such an organization either as a trusteeship or a partnership is the double test of (1) control, and (2) doing business, especially the latter, and that applying such double test would result in confining trusteeships to those declarations of trust where there is no control in the shareholders and the trust is not engaged in doing business.
And in E. A. Landreth Co., supra, we said:
* * * It thus appears that the court discards the test of control in determining whether such a trust is an association, under the revenue acts, and *1280 makes the test whether it was or was not organized for purely business purposes. This seems to be the true distinction. * * *
We think that this case is controlled by the decision in Durfee Mineral Co., supra, and by the decisions of the Circuit Court of Appeals for the First Circuit in White v. Hornblower, 27 Fed. (2d) 777, and United States v. Neal, 28 Fed. (2d) 1022 (certiorari denied, 278 U. S. 659). Accordingly, the deficiencies determined by the respondent are sustained.

Judgment will be entered for the respondent.