For defendant: Frederick A. Jones.

Frederick C. Dumaine, as Trustee for Amoskeag Manufacturing Co. vs. Narragansett Cotton Mills, Inc. } No. 88598.

August 8, 1932.

CHURCHILL, J. Heard on demurrer to the declaration.

The declaration is in assumpsit and is brought by Frederick C. Dumaine, described as Treasurer of and Trustee for Amoskeag Manufacturing Company, an unincorporated trust association organized and existing under the laws of the State of New Hampshire.

The contract on which suit is brought is alleged to have been entered into between the defendant and the association through an agent of the latter. By the contract the plaintiff was obligated to manufacture and sell to the defendant 600,000 lbs. of yarn at 35 cents per pound; deliveries to be made by the plaintiff at the rate of 50,000 lbs. monthly. One of the conditions of the contract was that the defendant should furnish the plaintiff specifications as to beaming and as to the amounts and sizes of yarn desired.

The first count sets up, as a breach, the repudiation of the contract by the defendant and the second count alleges, as a breach, the refusal and neglect of the defendant to furnish specifications to the plaintiff.

Damages by way of lost profits, losses incurred by the fall in the price of cotton purchased by the plaintiff to carry out the contract, and expenditures for storage, care of and insurance on cotton so purchased are claimed.

The first six grounds of demurrer, taken together, attack the title of the plaintiff to maintain the suit.

It is to be noted that the plaintiff did not enter into the contract. Execution of the contract was by an agent of the Amoskeag Manufacturing Company.

What the character of the association is beyond the description "unincorporated trust association" and how Dumaine is vested with power to sue on a contract for the benefit of the association are not set forth, nor is it stated that he is authorized to maintain an action under the circumstances set forth. What his powers are and whether derived from statute or from articles of association or trust instrument do not appear. Furthermore, whether the members of the association are partners, as in *Simpson* vs. *Klipstein*, 262 Fed. 823, or whether the body of trustees is vested with ownership and control, as in *Mayo* vs. *Moritz*, 151 Mass. 481, is not alleged. The plaintiff claims that Superior Court Rule No. 18 covers the case.

This rule has not the scope contended for. It embraces a situation where a person claiming to act in a representative capacity is put on proof that he is, in fact, a trustee or fiduciary. In the declaration at bar there are no allegations setting forth that as trustee Dumaine had title to sue on a contract confessedly not made by him nor by a person acting as his agent.

The plaintiff also relies on the provisions of Chap. 350, Sec. 10 (5190) Gen. Laws 1923.

This statute gives to any officer or member of an unincorporated association power to sue "as trustee in its behalf, if so authorized by said association, to recover any property, or upon any cause of action for or upon which all the associates may maintain such action by reason of their interest or ownership therein either jointly or in common."

The declaration is not within the terms or fair scope of the statute. It does not appear that the plaintiff is authorized to bring the suit as trustee, nor does it appear that the action is one which the associates may maintain. Whether the associates have such an interest that a suit could be maintained by them is not alleged.

Grounds of demurrer one, two, three, four and six are well taken.

The fifth ground of demurrer raises a question as to the description of the association as a plaintiff. This is merely a permissible shorthand description of the Amoskeag Manufacturing Company and is inserted to avoid the repetitious use of a somewhat cumbersome name. No substantial objection can be raised to this method of description.

The seventh ground of demurrer was not stressed in argument. The agreement is sufficiently definite to constitute a contract.

By its eighth ground of demurrer the defendant raises a question as to whether the contract was for sale only or for manufacture and sale. Taking the language of the declaration into consideration with the contract itself, it fairly appears on the pleadings to be a contract of manufacture and sale.

The ninth, tenth, twelfth and eighteenth grounds of demurrer, taken together, raise the question as to the duty of the defendant to furnish specifications for beaming and amounts and sizes of yarn at reasonable intervals of time, and also challenges the allegation as to the custom of the trade in this respect. Reading the declaration together with the contract, the Court cannot say that the allegation is demurrable. The contract is couched in technical trade terms, a species of mer-

cantile shorthand, and it well may be that a resort to trade usage or custom may become necessary or advisable. It is a question of proof on the trial on the merits rather than for decision on the demurrer.

The thirteenth and fourteenth grounds are directed to the allegation that the plaintiff delivered to the defendant 37,710 lbs. of yarn at the rate of 24c a pound. The so-called modification only applied to a portion of the yarn as called for in the original contract and nothing is perceived in the declaration which would give color to a claim that the original contract had been modified in respect to deliveries other than those embraced in the 37,710 lbs. The obligations of the defendant as to the remainder of the amount contracted for remained the same.

By the fifteenth and sixteenth grounds, the defendant puts forward the claim that the plaintiff has not shown such performance on his part as to entitle him to recover. The allegations of the declaration on this point taken in connection with the allegation of default on the part of the defendant in giving the information called for are sufficiently stated to enable the plaintiff to recover.

The claim of damages is attacked by the eleventh, twentieth and twenty-first grounds. Under the allegations of the declaration, the plaintiff is entitled to recover in respect to the profits under the contract. The applicable statute reads "the profit the seller would have made if the contract or the sale had been fully performed shall be considered in estimating the damages."

Gen. Laws 1923, Chap. 309, Sec. 2 (4) (4490);

*Roland* vs. *Whytock & Rex Mfg. Co.* 49 R. I. 160.

The claim for damages arising from loss on cotton bought in reliance on the contract is not open to attack on demurrer.

*Lieberman* vs. *Templar Motor Co.*, 236 N. Y. 139, (Opinion by Cardozo, J.)

The claim for interest on money expended and sums paid out for storage and insurance seems to be within the scope of Gen. Laws 1923, Chap. 309, Sec. 2 (2) (4490).

In any event, it is a matter of proof rather than a matter to be decided on demurrer. As a pleading it is well enough.

In respect to cotton purchased before the contract was entered into, the declaration does not seem to be sufficient. There is no allegation that the cotton was later appropriated to the contract nor are other special circumstances set forth which would enable the plaintiff to recover damages on such an item.

The other grounds of demurrer do not require special mention.

The demurrer is sustained on the first, second, third, fourth and sixth grounds and on that part of the eleventh ground which sets forth an objection to recovery of damages based on purchases of cotton in anticipation of the contract.

The demurrer is overruled on all the other grounds.

Plaintiff is given twenty days in which to file an amended declaration.

For plaintiff: Edwards & Angell.

For defendant: George Hurley.