### In re PARKER et al.

(District Court, N. D. Illinois, E. D.   September 9, 1921.)

No. 29464.

1. **Bankruptcy ☞99—Controverted facts resolved in petitioner's favor on motion to dismiss.**

On motion to dismiss petition in involuntary proceedings, controverted facts must be resolved in petitioner's favor.

2. **Bankruptcy ☞4—Bankruptcy Act to be liberally construed.**

The Bankruptcy Act (Comp. St. §§ 9585–9656) was of remedial character and should be liberally construed to effect its purpose of securing equal distribution of assets of an insolvent party among unsecured creditors.

3. **Bankruptcy ☞70—Business trust known as a "common-law trust," "pure trust," or "Massachusetts trust" is subject to adjudication as bankrupt; "any unincorporated company."**

Under Bankruptcy Act, §§ 4, 5 (Comp. St. §§ 9588, 9589), declaring persons, partnerships, corporations, and unincorporated companies subject to adjudication as bankrupts, a trust to carry on a business, known variously as a "common-law trust," or a "pure trust," or a "Massachusetts trust," may be so adjudicated; the term "any unincorporated company" being a comprehensive term, and, if given normal meaning, used as a part of the entire context, includes such trust.

4. **Bankruptcy ☞81(3)—Involuntary petition need not set forth claim with particularity.**

Petitioner's claim in involuntary petition need not be set forth with the same particularity as might be required, if judgment on the claim was sought, rather than an adjudication in bankruptcy.

5. **Bankruptcy ☞81(1)—Involuntary petition need not give details as to insolvency.**

The allegation that the alleged bankrupts are insolvent in an involuntary petition is sufficient, without setting forth detailed statements of the debts and assets.

6. **Bankruptcy ☞81(4)—Details of acts of bankruptcy need not be minutely particular.**

References to the transaction constituting an alleged act of bankruptcy in the involuntary petition necessarily apprises the debtor of the transaction complained of, and the details, being known better to the debtor than the petitioner, need not be alleged with great particularity.

7. **Bankruptcy ☞81(2)—Involuntary petition not bad for alleging partnership.**

Involuntary petition for adjudication of bankruptcy was not bad for alleging the respondents were partners, though the facts alleged in the answer might show them to be trustees in the conduct of a business.

In Bankruptcy. In the matter of Harrison Parker and others, alleged bankrupts. Heard on motion to dismiss the involuntary petition. Motion denied.

McCormick, Kirkland, Patterson & Fleming, Charles S. Deneen, Lee D. Mathias, Andrews & Cohen, and Harris F. Williams, all of Chicago, Ill., for alleged bankrupts.

EVAN A. EVANS, Acting District Judge. Petitioners filed their petition to have respondents adjudged bankrupts. Respondents answered, and then filed this motion to dismiss.

[1] Upon this motion to dismiss controverted facts must be resolved in petitioners' favor. The four questions are presented: Does the petition show: (a) That respondents are subject to an adjudication in bankruptcy; (b) that they committed an act of bankruptcy; (c) that respondents are insolvent; (d) that petitioners have debts provable in bankruptcy against the bankrupts, assuming respondents are insolvent?

[2, 3] The first is, perhaps, the most important question, and certainly was the most elaborately argued. Its determination in favor of the respondents will terminate the proceedings, while the other issues must ultimately be disposed of by a trier of the facts.

(a) The Bankruptcy Act (Comp. St. §§ 9585–9656) was a general enactment of a remedial character, and should be liberally construed to effect the purposes of the enactment. 5 Cyc. 242. The general object of the act, as I understand it, was to secure the equal distribution of the assets of an insolvent party among the unsecured creditors. The respondents assert that they are the trustees of a "common-law trust," or "a pure trust," or "a Massachusetts trust," and are not subject to the Bankruptcy Act, though engaged in a commercial enterprise of wide scope and in various fields. One is impressed, therefore, at the outset that, if such a commercial enterprise is not subject to the Bankruptcy Act, it was an oversight on the part of Congress.

But, confessedly, the Bankruptcy Act must itself furnish the answer to this first query. In other words, if the Bankruptcy Act does not make business concerns, associations, or companies, of the character of the respondents, subject to an adjudication in bankruptcy, this court must dismiss the petition. It likewise appears to me that, if the Bankruptcy Act covers or includes companies like respondents, it must be by virtue of sections 4 and 5 of the act. These two sections define the parties who may be adjudged a voluntary bankrupt, as well as an involuntary bankrupt. Examining section 4b, we can readily understand who is defined by the term "natural person." Likewise we may readily know who is meant by "a partnership" as used in section 5. With equal certainty we may understand what is meant by the term "corporation" as used in section 4b, but uncertainty may well arise over the term "unincorporated company." Respondents ask the court to give this term a restricted meaning. But should the court do so, if the result of such a construction is to defeat in part, at least, the manifest purpose of the entire enactment?

The words "any unincorporated company" were not present in the act when it was originally introduced in Congress. They were added in the committee. The term is comprehensive in its ordinary and usual meaning. When used with the other terms, "natural person," "corpo-

ration," and "copartnership," it completes the description of all subjects which may be adjudged bankrupts. It seems to me that its insertion in the act denotes a congressional intent to be inclusive in the characterization of organizations or of individuals subject to bankruptcy. If the words be given their normal meaning used as a part of the entire context, we can find nothing in the adjective "unincorporated" that does not include respondents. The adjective plus the noun "company" is, of course more elastic, more uncertain; but, used in connection with the words "natural person" and "corporation," it is entitled to such a meaning as will cover that which is neither corporation, natural person, or copartnership.

A reading of section 4a strengthens this conclusion. There Congress uses an expression which, properly construed in the light of the exceptions, includes everything that transacted business. Section 4b is not less comprehensive, but the exceptions are more inclusive. These views find support in Collier on Bankruptcy (11th Ed.) p. 154, in matter of Associated Trusts (D. C.) 222 Fed. 1012, and In re Order of Sparta (Vadakin v. Cass et al.) 242 Fed. 235, 155 C. C. A. 75. I recognize a contrary expression of opinion may be found in Sears' work on Trusts.

Considering all phases of this question, I conclude that the answer to the first query must be in the affirmative. The remaining questions can be disposed of very briefly.

[4] Petitioners' claim need not be set forth in this petition to have respondents adjudged a bankrupt, with the same particularity as might be required if judgments on the claims were sought rather than an adjudication in bankruptcy. Ordinarily the court is not passing upon the claims as such.

[5, 6] Their allowance or disallowance will be determined later by the referee. The allegation that the alleged bankrupts are insolvent is sufficient without setting forth a detailed statement of the debts and a detailed statement of the assets. The allegation setting forth the alleged act of bankruptcy might well be more particular and specific than the allegations of indebtedness and insolvency; but here, too, the facts are in the possession of the debtor, and reference to the transaction constituting the alleged act of bankruptcy necessarily apprises the debtor of the transaction complained of, the details of which need not be charged with greater particularity because they are known better to the debtor than to the petitioning creditors.

Criticisms of the petition in respect to its allegations respecting acts of bankruptcy are made on the assumption that respondents are partners. They fail, however, if the respondents constitute an unincorporated company in the nature of a common-law trust. The mere fact that respondents are called a copartnership does not necessarily establish that status. The facts must govern. The status is a conclusion fixed by the facts as ultimately found. And, if the facts disclose an "unincorporated company," it may have committed an act of bankruptcy by wrongfully paying money to a so-called trustee.

[7] Nor do I think that the petition is bad because it alleges the respondents are a partnership. It may be that the express trust agree-

ment set forth in the answer will not, upon a full showing, be found to be expressive of the true relation of the parties. The petitioners so informed the court. If a partnership be disclosed it may be that the alleged act of bankruptcy as charged in the petition is sufficient. The court cannot upon these pleadings make any findings of fact. It must accept the allegations of the petitioner as true, except as the allegations appear to be statements of conclusions.

So construing the petition, the real question in controversy determinative of the motion to dismiss is the first query. Having determined this issue in petitioners' favor, it follows that the controverted issues of fact must be litigated and determination made only after the parties have submitted their proofs.

The motion to dismiss is denied. The court also directs the entry of an order referring the issues presented by the petition to Hon. C. D. Morrison, as a special master, to take the testimony and make findings of fact and conclusions of law in respect thereto.