## In re SARGENT LUMBER CO.

(District Court, E. D. Arkansas, W. D.   February 2, 1923.)

Bankruptcy ⊜41—Unincorporated association or trust may be adjudicated bankrupt.

   Under Bankruptcy Act, § 4b (Comp. St. § 9588), a voluntary unincorporated association, under articles providing that members be given shares for their respective contributions to the capital fund, and that they elect trustees annually, who in turn select officers, with powers such as are incident to corporation officers, is entitled to the benefits of the Bankruptcy Act, as against the objection that it was in effect a Massachusetts trust.

In Bankruptcy. In the matter of the Sargent Lumber Company, bankrupts. On motion by creditors to set aside adjudication of bankruptcy. Denied.

Ben F. Reinberger, of Little Rock, Ark., for bankrupts.

Rose, Hemingway, Cantrell & Loughborough and Dennison Cherry, all of Little Rock, Ark., for creditors.

TRIEBER, District Judge. This is a motion in behalf of creditors of the bankrupts, who had on a previous day been adjudicated bankrupts on a voluntary petition, to set aside the adjudication upon the ground that the bankrupt is a trust and not entitled to the benefits of the Bankruptcy Act.

The facts are that the bankrupts formed a voluntary, unincorporated association. The articles provided that the members be given shares for their respective contributions to the capital fund and that they are to elect three trustees annually at an annual meeting of the shareholders, to be held on a day designated. The trustees are to select a president, vice president, secretary, and treasurer, who are to have "all the powers incident to such officers in the case of corporations."

The articles of association create in fact a joint-stock association or an unincorporated company (Beal v. Carpenter, 235 Fed. 273, 148 C. C.

A. 633), and bring the bankrupts within the express language of section 4b of the Bankruptcy Act (Comp. St. § 9588). That such companies may be adjudged bankrupts is beyond question. Collier on Bankruptcy (12th Ed.) p. 154; Black on Bankruptcy (3d Ed.) § 143, and authorities there cited.

But it is urged that this is in effect a Massachusetts trust, and there is no provision in the Bankruptcy Act authorizing such associations to be adjudicated as bankrupts. That it is not such a trust, see Dana v. Treasurer, 227 Mass. 562, 116 N. E. 941; Malley v. Howard (1st C. C. A.) 281 Fed. 363, 368. But, assuming that this is such a trust, the conclusion does not follow. Even if the act does not in express terms include such associations, the courts, in construing it, will carry into effect the intention of the lawmakers. As stated in Stewart v. Kahn, 78 U. S. (11 Wall.) 493; 20 L. Ed. 176:

"A case may be within the meaning of a statute and not within its letter, and within its letter and not within its meaning. The intention of the lawmaker constitutes the law." Church of the Holy Trinity v. United States, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; Clark v. Mechanics' American National Bank (8th C. C. A.) 282 Fed. 589.

When the Bankruptcy Act was enacted in 1898, Massachusetts trusts were practically unknown; but, taking the act as a whole, there can be no doubt that the intention of Congress, in enacting the law, was to include all associations engaged in some business, when becoming insolvent, and give them an opportunity to obtain the benefit of the remedial provisions of the act, and also prevent preferences to favored creditors selected by the insolvent debtor, excepting only those expressly mentioned in section 4b, among whom such associations are not included. The maxim of "expressio unius est exclusio alterius" applies. That such trusts may be adjudicated bankrupts has been decided in In re Associated Trust (D. C. Mass.) 222 Fed. 1012; In re Order of Sparta (D. C. Pa.) 238 Fed. 437, affirmed 242 Fed. 235, 155 C. C. A. 75; In re Tidewater Coal Exchange (2d C. C. A.) 280 Fed. 638; Simson v. Klipstein (D. C. N. J.) 262 Fed. 823.

Whether this association may be called a joint-stock association, an unincorporated association or a trust association, it is within the letter and clearly within the spirit of the Bankruptcy Act, as one subject to its provisions.

The motion to set aside the adjudication is denied.