CANAL STEEL WORKS, Inc., v. WORTH STEEL CO. et al.

No. 6369.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1931.

Eugene S. Hayford, of New Orleans, La., for appellant.

584

Burt W. Henry, Asahel W. Cooper, and Walker B. Spencer, all of New Orleans, La., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was adjudged bankrupt under an involuntary petition which alleged that within four months preceding the filing of the petition, and while insolvent, appellant committed an act of bankruptcy in that, on a stated date, in a described suit in a named Louisiana state court, named individuals were appointed by that court judicial liquidators or receivers of appellant, and were placed in charge of all the property, rights, and assets of appellant. Following allegations as to what occurred in the suit mentioned the bankruptcy petition alleged:

"Petitioners annex hereto and make part of this petition, certified copies of said petition, answer, decree, oath and bond hereinabove referred to, for a more accurate and particular statement of the terms and provisions thereof, and mark the same 'Exhibit A' for identification herewith."

The appellant moved to dismiss the bankruptcy petition on grounds to the effect that it failed to allege facts showing the commission by the appellant of any act of bankruptcy. The court overruled that motion.

In support of the claim that the allegations of the petition did not show the commission of an act of bankruptcy, it was contended in behalf of the appellant that the copies of instruments attached to and made a part of the petition controlled the allegations thereof, and that, those instruments not showing that appellant was insolvent when the receivers were appointed, the bankruptcy petition failed to allege insolvency; and that the petition's allegation of appellant's insolvency was a statement of a conclusion. Nothing in the bankruptcy petition indicates that anything contained in Exhibit A was relied on to support the allegation of the petition as to appellant's insolvency. The petition states explicitly that the certified copies comprising that exhibit were annexed to and made part of the petition "for a more accurate and particular statement of the terms and provisions thereof." What was contained in that exhibit had reference exclusively to the appointment of receivers alleged in the bankruptcy petition, the question of appellant's solvency or insolvency not being involved in the suit in which liquidators or receivers were appointed. It being apparent that the exhibit was intended to show only what was relied on as constituting the alleged appointment of receivers, and the circumstances attending that appointment, and had no reference to the allegation of appellant's insolvency as an element of the asserted right to have it adjudged bankrupt (Bankruptcy Act, § 3a(5) as amended [11 USCA § 21(a)(5)]), there is no basis for the contention that the last mentioned allegation was controlled or affected by the exhibit.

The petition was challenged on the ground that its allegation as to appellant being insolvent when the receivers were appointed was insufficient because it stated a mere conclusion. As the Bankruptcy Act, § 1 (15), 11 USCA § 1(15) contains a definition of insolvency, an allegation in an involuntary petition that the person against whom the petition is filed was insolvent at the time mentioned imports the existence at that time of a state of facts which under that definition renders him insolvent. The allegation in that regard in the official form for a creditors' petition (official form No. 3) is that the person proceeded against "is insolvent." That it was not contemplated that an involuntary petition should allege the amounts of the debts and of the assets of the person against whom the petition is filed is indicated by the provision of the Act (§ 3d, 11 USCA § 21(d) to the effect that when such person takes issue with and denies the allegation of his insolvency the burden of proving his solvency shall rest on him in case of his failure to appear in court, with his books, papers, and accounts, and submit to an examination. It cannot reasonably be doubted that, without a statement of details which were better known to the debtor than to the petitioning creditors, what the petition alleged apprised the debtor of the claim that when the receivers were appointed a state of facts existed which rendered the debtor insolvent. In re Parker (D. C.) 275 F. 868. If the allegation in question was defective because of a lack of a specific statement of facts, the defect was a mere technical one which did not affect the substantial rights of the appellant. 28 USCA § 391. We conclude that the bankruptcy petition was not subject to objection on any ground suggested, and was not substantially defective. The judgment is affirmed.