**In re POLAND UNION.**

No. 436.

Circuit Court of Appeals, Second Circuit.
June 3, 1935.

Dunmore, Ferris & Burgess, of Utica, N. Y., for appellant.

James P. O'Donnell, of Herkimer, N. Y., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

A petition filed by appellant under section 77B of the Bankruptcy Act (48 Stat. 911, 912, 11 USCA § 207) was refused approval by the court below because appellant had not such corporate existence, either as a corporation, an unincorporated company, or an unincorporated association, as would permit the court taking jurisdiction of its affairs under the provisions of the Bankruptcy Act for purposes of reorganization. This appeal seeks a review of that determination.

The appellant is a co-operative country general merchandise store doing business in the village of Poland, Herkimer county, N. Y. Appellant is not incorporated under the laws of any state, but does business in accordance with articles of association designed to regulate its business affairs. It was organized in March, 1926, and carried on a general merchandise business and accepted subscriptions to its capital either in the form of trading shares or interest-bearing shares. Its articles of association distinguished in several ways the rights and liabilities of shareholders, it being the obvious intention to eliminate liability of holders of interest-bearing shares from the debts of the association. We need not now say whether the trading shareholders are liable for debts as partners. The articles provide: "The Board of Directors or agent shall not run the Union in debt, nor borrow money to increase the capital stock." Among other things it provided for officers: President, vice president, secretary, treasurer, and five directors elected annually. It had standing committees, and specified officers' duties. A person became a member by signing the articles of association, paying the treasurer $20, and receiving a certificate of membership, which was a trading share. Provisions were made limiting the share of the holders of interest-bearing shares in the profits of the organization to lawful interest. Provision was made for the withdrawal of shares and for the retirement of interest-bearing shares, and that the "death of any member shall not cause the dissolution of this association." Transfer of shares was to be made with the approval of the board of directors. Provision was made for voting by proxy at annual and special meetings. Interest-bearing shares had priority in the event of liquidation. There were about 50 members who became holders of the trading shares.

The association borrowed money and on July 2, 1932, owed $68,000. Two-thirds of the outstanding indebtedness of the association and of the holders of the trading shares asked the court to take jurisdiction. The appellee, the sole objector, has a claim of approximately $13,000.

The court below declined jurisdiction solely because the appellant was not an organization of the character which came within the meaning of the word "corporation" as used in section 77B of the Bankruptcy Act (11 USCA § 207). That section provides: "Any corporation which could become a bankrupt under section 4 of this Act [section 22 of this title] * * * may file an original petition. * * *" Section 4 of the act (11 USCA § 22) covers voluntary and involuntary bankruptcies. It is designed to cover ordinary business corporations. A corporation is defined in section 1, subd. 6, as amended May 27, 1926, 11 USCA § 1 (6): "'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

■ Our inquiry, therefore, is whether, within section 4 and section 77B (11 USCA §§ 22 and 207), this appellant is a joint-stock corporation, an unincorporated company, or an association. These three types of organizations may exist as separate entities. They share some of the attributes of a corporation and it is apparent that Congress intended to and did include them within its meaning of the word "corporation" in order that they might have the benefits of or be subjected to the restrictions of the Bankruptcy Act. An "association" has been defined as a body of persons united without a charter but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise. Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949; Lucas v. Extension Oil Co. (C. C. A.) 47 F.(2d) 65.

The New York General Associations Law formerly Joint Stock Association Law (Consol. Laws N. Y. c. 29), § 2, defines a "joint stock association" as including "every unincorporated joint stock association, company or enterprise having written articles of association and capital stock divided into shares." Within this definition, as a resident of New York, this association may be placed. See, also, In re Lloyds of Texas (D. C.) 43 F.(2d) 383.

■ Moreover, the appellant may be classified as a joint-stock company. In re Tidewater Coal Exchange, 280 F. 638 (C. C. A. 2). Joint-stock corporations and joint-stock associations are interchangeably used. People v. Coleman, 133 N. Y. 279, 31 N. E. 96, 16 L. R. A. 183. An unincorporated company, as used in the Bankruptcy Act, § 4b, 11 USCA § 22 (b), includes at least any unincorporated association or group of individuals whose object and purpose are either wholly or chiefly of the same kind as the object and purpose of a moneyed business or commercial corporation. In re Minnesota Ins. Underwriters (D. C.) 36 F.(2d) 371; Gallagher v. Hannigan (C. C. A.) 5 F.(2d) 171; In re Parker (D. C.) 275 F. 868; In re Order of Sparta (C. C. A.) 242 F. 235.

In Re Tidewater Coal Exchange, supra, we held an organization, used as a clearing house for coal by certain railroads at the instance of the Council of National Defense in 1917, to be a joint-stock company. It was not incorporated, had no constitution, articles of association, or by-laws. Certain rules were adopted which were amended and revised, and it functioned under these rules. Any shipper of coal could become a member of the association, with the approval of the executive committee, by his agreement to handle coal through the exchange. No capital was contributed by any member, or initiation fee paid, or assessment enforced. It was not conducted for pecuniary profit, and its chief administrative officer was a commissioner. We held it to be an unincorporated company and could become a bankrupt under section 4 of the Bankruptcy Act, 11 USCA § 22. We see no difference between that case and the case at bar. Therefore, within section 77B of the Bankruptcy Act, 11 USCA § 207, this appellant was entitled to have the court take jurisdiction of its petition.

Order reversed.