### In re FAIRBANKS REALTY TRUST.

No. 65071.

District Court, D. Massachusetts.

June 19, 1941.

Alexander G. Gould, of Boston, Mass., for debtor corporation.

Jones, Nash & Birmingham, of Boston, Mass., for petitioning creditor.

McLELLAN, District Judge.

The question here to be considered is the Court's jurisdiction. On October 13, 1940, Pope & Cottle Company, a Massachusetts corporation, filed an involuntary petition in bankruptcy against "Fairbanks Realty Trust", alleging it to be "a voluntary association and an unincorporated company operated by Henry Berish, of Boston, and Catherine Burns, of Cambridge, Trustees under a declaration of trust made on the 4th day of June, 1940 and recorded with Norfolk Registry of Deeds, Vol. 2281, Page 197, and having a usual place of business in Brookline, Massachusetts."

On November 13, 1940, an "answer of alleged bankrupt" was filed. This answer signed "Fairbanks Realty Trust, Henry Berish Trustee", admits the allegations of the petition to the effect that the respondent is a voluntary association and an unincorporated company operated by the trustees named therein under a declaration of trust, that the respondent's principal place of business is in Brookline, that it owes debts as alleged, that its creditors are less than twelve in number and that the petitioner is one of such creditors. The commission of an act of bankruptcy by "transfer, while insolvent, (of) a portion of its property to one or more of its creditors * * * with intent to prefer said creditor or creditors over its other creditors of the same class", alleged in the petition, is denied in the answer. Thereafter, the respondent offered for filing a petition for relief under Chapter XII of the Act, 11 U.S.C.A. § 801 et seq., and leave to file was refused by Judge Ford, because that section in substance provides relief only for individuals and partnerships.

The respondent then offered for filing a petition for relief under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and the Deputy Clerk in charge of bankruptcy matters, with appropriate skepticism, asked whether it should be accepted for filing. Thereupon a brief memorandum in writing was filed reading so far as here material as follows:

"The answer is yes, but it is to be understood that this is without prejudice to the question whether the 'Fairbanks Realty Trust' is a corporation within the meaning of the Bankruptcy Act, section 1(8), 11 U.S.C.A. § 1(8), reading:

"'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument.

"This question is germane not only to the respondent's petition but also to the Creditor's right to relief under the involuntary petition and should be determined only after an opportunity for a hearing is presented to both parties. In the meantime, the matter of approval or disapproval of the petition for relief under Chapter X is held in abeyance."

Recently the matter was set down for hearing upon the question as to the Court's jurisdiction of the involuntary petition and the petition for relief under Chapter X. Both parties in interest urge that Fairbanks Realty Trust is a "corporation" within the meaning of the foregoing definition. If it is the Court has jurisdiction in the premises, otherwise not. The nature of the trust here involved is to be found in the instrument creating it.

By the declaration of trust referred to in these petitions, Henry Berish, of Boston, Suffolk County, Massachusetts, and Catherine Burns, of Cambridge, Middlesex County, Massachusetts, declare themselves trustees of certain land in Brookline, title to which they are about to take as well as of other lands or properties, real or personal, title to which is afterwards taken by the trustees subject to the trust, upon the terms and conditions and for the purposes set forth in the trust instrument. Certain of these provisions follow:

"First: That the title of the Trustees and their successors under this instrument shall be Fairbanks Realty Trust. The property or properties conveyed to us shall be held by us or our successors in trust under this instrument."

"Second: The principal office of Fairbanks Realty Trust shall be in Brookline, Norfolk County, but the Trustees may establish other offices in the Commonwealth as they may see fit."

"Third: That all the property or properties, whether real or personal, which may now or at any time hereafter be conveyed to or received in trust by us or our successors, as well as the proceeds thereof, shall be held hereunder, subject to mortgages of record or such mortgages as may be given hereunder, in trust, to be managed and improved for the benefit of the following named persons, who shall have interest in the net income of the trust property and the principal thereof in equal shares.

"Fannie Berish
"Harriet L. Burns."

The fourth paragraph defines the powers of the trustees. These include the power to sell, mortgage or lease the property, to invest and reinvest any money they may have on hand in stock or bonds or real

estate or mortgages, "to pay all charges and expenses incidental to the formation of this trust and to pay all charges, taxes, liens or expenses, and salaries incidental to the proper management of the same, and to employ lawyers, clerks, agents or servants and such other assistants as they may think best," and finally to execute instruments requisite to the execution and accomplishment of powers or purposes of the trust.

The sixth paragraph provides:

"Sixth: The Trustees shall keep careful, accurate books of account, showing the receipts and disbursements of said trust, and also the property of the said trust. The trustees shall, from time to time, and at such times as they shall determine to be for the best interests of the Trust, pay to the beneficiaries such sum or sums as they shall determine may be paid to them without disadvantage to the Trust, but the right to receive payments hereunder of either principal or income shall be inalienable by beneficiary and shall not be subject to be reached or applied by any creditor of any beneficiary. The trustees shall not be under any obligation to pay the whole income of the Trust fund to any beneficiary or beneficiaries, but may pay out of the Trust fund any debts or moral obligations of any beneficiary or beneficiaries which the Trustees think ought to be taken care of or discharged, and may withhold the income or any part of it either temporarily or for the purpose of permanently adding it to the Trust fund. The beneficiaries shall be entitled, upon reasonable notice, to examine the books and vouchers of the said Trustees at the proper times or seasons."

By the seventh paragraph, it is provided "This Declaration of Trust may be altered, modified or amended at any time by a writing signed by the said trustees and duly recorded with Norfolk Registry of Deeds". By the eighth paragraph, the trust is to terminate in five years, but may be terminated sooner by a written instrument signed by the trustees and recorded. Any trustee is permitted to resign as such and appoint his or her own successor, upon recording such resignation and notice of appointment in the registry of deeds. And finally "In the event of the death or resignation of either trustee, or both of them, the beneficiaries hereunder may appoint one or more persons to succeed the trustee or trustees, such appointment to be in writing and signed by said beneficiaries, to take effect upon its recording thereof with the Norfolk Registry of Deeds."

The ninth and concluding paragraph declares that the appointment of a guardian or conservator for either trustee shall be deemed a resignation of such trustee and makes provision for the appointment of his successor by the beneficiaries in the same manner as set forth in the preceding paragraph in the case of death of a trustee. It is urged by the parties that this trust is a corporation within the meaning of the Bankrupcty Act because it is a business conducted by trustees "wherein beneficial interest or ownership is evidenced by certificate or other written instrument." While it is conceded that there are no certificates representing shares in the "Fairbanks Realty Trust", it is urged that the trust instrument itself is a written instrument evidencing beneficial interests in the trust. This contention is not sustained. If Congress had intended to include within its definition of "corporation" all trusts reduced to writing in which the trustees are empowered to conduct a business, it could easily have done so. Since it chose instead to use the language just quoted, it seems to me that only such trusts are included as employ some written instrument, other than the trust itself, for the purpose of evidencing the interests of the various beneficiaries therein. No authority to the contrary has been called to my attention and I have seen none.

It is asserted, however, that the definition of "corporation" in section 1 (8) of the Bankruptcy Act is very broad, and that this trust is in any event an unincorporated company or association of such a character as to fall within its scope. While it may be that certain trusts, other than those expressly included in the definition, may at times be of such a character in fact, as to be included therein as "unincorporated companies and associations", this is not such a trust. In Re Bloom, D.C.N.D.Ill., 10 F.Supp. 806, 807, a trustee under a deed of trust of some real estate in Cook County, Illinois, with power to manage and operate the real estate, in trust to pay the net proceeds for the support, maintenance and education of a son of the grantor, filed a petition under section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. The referee to whom the case was referred decided that the petition was improperly filed, because the petitioner was a corporation within the

80

meaning of the Act. The District Judge reversing the referee, said:

"In my opinion the trustee is not a corporation within the meaning of the term as used in section 1 of the Bankruptcy Act. That section provides that a corporation shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument.

"In this case it does not appear that the beneficial interest or ownership was evidenced by a certificate or certificates or other written instrument. Furthermore, it appears to have been the intention of Congress to include within the term 'corporation' business groups which carry on their affairs and business in the same general manner as do corporations but not an ordinary trust where the donor, for the purpose solely of preserving the estate for the benefit of a beneficiary or beneficiaries, puts the property in the hands of a trustee giving trustee powers in the management of the property and the disbursement of the income which the donor, by reason of the immaturity of the beneficiary, or doubts of the ability of the beneficiary to properly manage his affairs, does not desire the beneficiary to exercise."

In the case at bar, the absence of any provision for a certificate or other written instrument evidencing beneficial ownership, the inalienability of such beneficial interests, the powers conferred upon and the powers withheld from the trustees, and the whole tenor of the trust instrument preclude a finding that Fairbanks Realty Trust is a "corporation" as defined in section 1(8) of the Bankruptcy Act, unless, as suggested by the parties, a Massachusetts statute leads to a contrary result. This statute, Massachusetts General Laws (Ter.Ed.) Chapter 182, Section 1, defines an association as "a voluntary association under a written instrument or declaration of trust, the beneficial interest under which is divided into transferable certificates of participation or shares." Since by section 6 of this Chapter an association is subject to certain types of suit as if it were a corporation, it is urged that "Fairbanks Realty Trust" is an association under local law and hence must be similarly treated under the Bankruptcy Act. This contention calls for no extended discussion. It is enough to say that since the "Fairbanks Realty Trust" had no certificates of participation and the respective shares of its beneficiaries are expressly made inalienable, both as to principal and as to interest, it clearly is not an "association" as defined in the Massachusetts statute.

Conclusions.

1. The involuntary petition in bankruptcy is dismissed for want of jurisdiction.

2. The debtor's petition under Chapter X cannot be approved as in conformity with the Act and it is dismissed for want of jurisdiction.