## POPE & COTTLE CO. v. FAIRBANKS REALTY TRUST.

### No. 3719.

Circuit Court of Appeals, First Circuit.

Dec. 19, 1941.

John C. Birmingham and Harry J. Mitchell, both of Boston, Mass. (George E. Mackey and Jones, Nash & Birmingham, all of Boston, Mass., on the brief), for appellant.

Alexander Gould, of Boston, Mass. (Harry Shapiro, of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAGRUDER, Circuit Judge.

Pope & Cottle Company as a creditor filed an involuntary petition in bankruptcy against Fairbanks Realty Trust described as "a voluntary association and an unincorporated company operated by Henry Berish, of Boston, and Catherine Burns, of Cambridge, trustees under a declaration of trust made on the fourth day of June, 1940, and recorded with Norfolk Registry of Deeds, Vol. 2281, Page 197, and having a usual place of business in Brookline, Massachusetts." The answer of the alleged bankrupt did not deny that it was subject to adjudication as an entity, but did deny the act of bankruptcy alleged in the petition. Sub-

sequently the Fairbanks Realty Trust as debtor filed a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

After a hearing, the district court on June 19, 1941, entered an order adjudging "that said Fairbanks Realty Trust is not a bankrupt as alleged, and that debtor is not entitled to relief under Chapter ten of the Bankruptcy Act, and that said petition be dismissed, with costs." From this order the petitioning creditor appeals. Appellee joins with appellant in asking that the order be reversed.

In a memorandum decision the court below held that Fairbanks Realty Trust is not a "corporation" within the broad definition of that word in § 1(8) of the Bankruptcy Act, as amended by the Chandler Act, 52 Stat. 840, 11 U.S.C.A. § 1(8); and hence is not subject to involuntary adjudication under § 4, sub. b of the Bankruptcy Act as amended, 11 U.S.C.A. § 22, sub. b.

The declaration of trust setting up the so-called Fairbanks Realty Trust recites that Henry Berish and Catherine Burns, being about to take title to certain land in Brookline and other property real or personal, declare themselves trustees of the same, to be managed and improved for the benefit of Fannie Berish and Harriet L. Burns, "who shall have interest in the net income of the trust property and the principal thereof in equal shares." Paragraph Fourth of the instrument gives the trustees broad powers of management. Paragraph Sixth gives the trustees discretionary power from time to time to pay over to the beneficiaries "such sum or sums as they shall determine may be paid to them without disadvantage to the Trust, but the right to receive payments hereunder of either principal or income shall be inalienable by beneficiary and shall not be subject to be reached or applied by any creditor of any beneficiary." The trustees are also empowered to "pay out of the Trust fund any debts or moral obligations of any beneficiary or beneficiaries which the Trustees think ought to be taken care of or discharged." Paragraph Seventh provides that the declaration of trust may be altered, modified or amended at any time by a writing signed by the said trustees and duly recorded with Norfolk Registry of Deeds. Paragraph Eighth provides that the trust shall terminate at the expiration of five years from the date thereof, "or sooner by a written instrument signed by said Trustees" and duly recorded. In the event of the death or resignation of either trustee, or both of them, "the beneficiaries hereunder may appoint one or more persons to succeed the trustee or trustees, such appointment to be in writing and signed by said beneficiaries, to take effect upon its recording thereof with the Norfolk Registry of Deeds." This is the only power given to the beneficiaries in the instrument.

The declaration of trust is not in the usual form of the so-called Massachusetts trusts. The shares of the beneficiaries are not transferable and are not evidenced by certificates. There is no provision in the trust instrument to the effect that the trustees shall have no power to bind the shareholders personally, and that all persons extending credit to or having any claim against the trustees shall look only to the funds or property of the trust, so that neither the trustees nor the beneficiaries shall be personally liable on any debt or obligation. See McCarthy v. Parker, 1923, 243 Mass. 465, 138 N.E. 8. In the absence of such a provision it seems that the trustees would be personally liable on a contract made in the name by which they conducted business, the Fairbanks Realty Trust, unless in the contract they expressly stipulated out of personal liability; we do not, however, have to decide this point in the case now before us. See 2 Bogert, Trusts and Trustees (1935) § 300. It does not appear that the two named beneficiaries associated themselves together to contribute capital for the business to be conducted under the name of Fairbanks Realty Trust. We were informed at the argument that the beneficiaries made no such contribution and that they were, respectively, the mothers of the two trustees. Aside from the fact that the trust instrument gives the trust a formal name it does not appear that the Fairbanks Realty Trust is anything other than a family trust set up for the benefit of relatives.

Such being the nature of the trust, the question is whether it may be adjudicated an involuntary bankrupt. We think the trial judge correctly answered this question in the negative.

The Bankruptcy Act of 1898, 30 Stat. 544, defined "corporations" as meaning "all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the

debts of the association." "Persons" was defined as including "corporations, except where otherwise specified, and officers, partnerships, and women * * *." Section 4 read as follows:

"Who May Become Bankrupts.—a Any person who owes debts, except a corporation, shall be entitled to the benefits of this Act as a voluntary bankrupt.

"b Any natural person, except a wage-earner or a person engaged chiefly in farming or the tillage of the soil, any unincorporated company, and any corporation engaged principally in manufacturing, trading, printing, publishing, or mercantile pursuits, owing debts to the amount of one thousand dollars or over, may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this Act. Private bankers, but not national banks or banks incorporated under State or Territorial laws, may be adjudged involuntary bankrupts."

The phrase "any unincorporated company" in § 4, sub. b of the Act of 1898 was nowhere defined in the Act. It was inserted in the bill by the conference committee of the two Houses without explanation. See 31 Cong.Rec. 6426-28. The phrase has been a puzzling one to the courts. See McLaughlin, "Amendment of the Bankruptcy Act," 40 Harv.L.Rev. 340, 355-65; Dodd & Baker, Cases on Business Organizations (1934) vol. 1, pp. 103-115.

The courts have not attempted to give any comprehensive definition of "unincorporated company" but have inclined to decide each case on its facts as it arose. In general, the organizations which they have held to be subject to involuntary bankruptcy in this category have been unincorporated associations of persons joining together at least in part for some common business or commercial purpose, and conducting their affairs somewhat after the pattern of corporations. See In re Seaboard Fire Underwriters, D.C.S.D.N.Y. 1905, 137 F. 987; In re Order of Sparta, 3 Cir., 1917, 242 F. 235; In re Tidewater Coal Exchange, 2 Cir., 1922, 280 F. 638, certiorari denied sub nom. Delaware S. S., etc., Corp. v. New England C. & C. Co., 1922, 259 U.S. 584, 42 S.Ct. 587, 66 L.Ed. 1075; In re Minnesota Insurance Underwriters, D.C.Minn.1929, 36 F.2d 371; In re Poland Union, 2 Cir., 1935, 77 F.2d 855. In the category of "unincorporated company" the courts have put

some associations organized under a declaration of trust in which the interests of the shareholders were evidenced by transferable certificates similar to shares of stock in a corporation, and which managed their affairs not unlike the way corporations are run. See In re Associated Trust, D.C. Mass.1914, 222 F. 1012; Matter of Rainbow Family Laundry Co., D.C.N.D.Tex.1922, 47 A.B.R. 655; In re Parker, D.C.N.D.Ill.1921, 275 F. 868 reversed, 7 Cir., 1921, 283 F. 404; In re Sargent Lumber Co., D.C.E.D.Ark. 1923, 287 F. 154; Krey Packing Co. v. Wildwood Springs Resort Ass'n, 8 Cir., 1925, 4 F.2d 793; Gallagher v. Hannigan, 1 Cir., 1925, 5 F.2d 171.

In 1926 § 1(6) of the Bankruptcy Act was amended, 44 Stat. 662, to enlarge the definition of the word "corporations" as follows:

"(6) 'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Thus it will be seen that the phrase "unincorporated companies and associations" was inserted in the inclusive definition of corporations; but the Act of 1926 left in § 4, sub. b the phrase "any unincorporated company." This caused the courts some further difficulty. See In re Lloyds of Texas, D.C. N.D.Tex.1930, 43 F.2d 383; Republic Underwriters v. Ford, 5 Cir., 1938, 100 F.2d 511; In re Poland Union, 2 Cir., 1935, 77 F.2d 855. It will be noted also that Congress included in the definition of corporations a specific reference to trusts, in the concluding clause: "and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Section 1(8) of the Bankruptcy Act as amended by the Chandler Act in 1938 continued the definition of corporation as it had been made in 1926 except that the reference to limited partnerships was eliminated. Section 1(8), 52 Stat. 840 reads:

"(8) 'Corporation' shall include all bodies having any of the powers and

privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Section 4 of the Bankruptcy Act as amended in 1938 now reads, 52 Stat. at 845:

"Sec. 4. [§ 22.] Who may become bankrupts.—a. Any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this Act [title] as a voluntary bankrupt.

"b. Any natural person, except a wage earner or farmer, and any moneyed, business, or commercial corporation, except a building and loan association, a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt upon default or an impartial trial and shall be subject to the provisions and entitled to the benefits of this Act [title]. * * *"

The phrase "any unincorporated company" was thus eliminated from § 4, sub. b, but the Fairbanks Realty Trust can be adjudicated under that section if it comes within the broad definition of "corporation" in § 1(8).

It is hardly necessary to point out that the Fairbanks Realty Trust is not a body "having any of the powers and privileges of private corporations not possessed by individuals or partnerships." It is not organized under any law giving special privileges. It is organized by private individuals under a declaration of trust. So far as the non-liability of the two beneficiaries is concerned, their position is not different from the cestuis que trust of an ordinary trust. So far as the trustees may have achieved immunity from personal liability it is only by contract stipulation such as could be made by any trustee with third persons. Nor is the Fairbanks Realty Trust a "partnership association" organized under laws making the capital subscribed alone responsible for the debts of the as-

sociation. See Dodd & Baker, Cases on Business Organizations (1934) vol. 1, pp. 80–96. Neither is it a "joint-stock company" in any use of that term with which we are familiar. See Crocker v. Malley, 1919, 249 U.S. 223, 233, 234, 39 S.Ct. 270, 63 L.Ed. 573, 2 A.L.R. 1601.

The court below ruled that the Fairbanks Realty Trust is not a "business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument." [40 F.Supp. 77, 80.] As to this, the court said: "While it is conceded that there are no certificates representing shares in the 'Fairbanks Realty Trust', it is urged that the trust instrument itself is a written instrument evidencing beneficial interests in the trust. This contention is not sustained. If Congress had intended to include within its definition of 'corporation' all trusts reduced to writing in which the trustees are empowered to conduct a business, it could easily have done so. Since it chose instead to use the language just quoted, it seems to me that only such trusts are included as employ some written instrument, other than the trust itself, for the purpose of evidencing the interests of the various beneficiaries therein." In re Bloom, D.C.N.D. Ill.1935, 10 F.Supp. 806, was cited. We agree with the district court. The last clause in the definition of "corporation" was apparently inserted to include specifically the familiar Massachusetts trust. As pointed out above, the declaration of trust in the case at bar does not have the characteristic features of the ordinary Massachusetts trust.[1]

There remains to consider whether the Fairbanks Realty Trust falls within the category of "unincorporated companies and associations." It is not an unincorporated company within any of the decided cases, for the beneficiaries have not associated themselves together for the conduct of a business with powers similar to those of stockholders in corporations, as was the case in Re Associated Trust, D.C.Mass.1914, 222 F. 1012, and in Re Sargent Lumber Co., D.C.E.D.Ark.1923, 287 F. 154. And see Gallagher v. Hannigan, 1 Cir., 1925, 5 F.2d 171. It is no more of a "company" than any ordinary trust having two or more beneficiaries. Nor do we think it is an "as-

[1] This type of trust has been given partial recognition as an entity by Mass.G. L. (1932) c. 182. But the Fairbanks Realty Trust does not fall within the provisions of that chapter because the beneficial interests are not "divided into transferable certificates of participation or shares."

sociation" within the meaning of § 1(8). We doubt very much whether the words "and associations" add anything to the words "unincorporated companies" used in the same phrase. However this may be, we are not called upon to make any comprehensive definition of "associations" as here used. It is enough to say that it could hardly have been intended to include all ordinary trusts having two or more beneficiaries, especially in view of the specific reference to trusts in the succeeding clause of the definition. The two beneficiaries have not associated themselves together in the ordinary sense. Cf. Bouchard v. First People's Trust, 1925, 253 Mass. 351, 360, 361, 148 N.E. 895. And it hardly could have been intended that the two trustees should be regarded as an "association." See Crocker v. Malley, 1919, 249 U.S. 223, 234, 39 S.Ct. 270, 63 L.Ed. 573, 2 A.L.R. 1601; Bouchard v. First People's Trust, 1925, 253 Mass. 351, 361, 148 N.E. 895. Otherwise a business conducted by two trustees on behalf of named beneficiaries could without more be put in bankruptcy as an entity, whereas a similar trust with only one trustee could not. There would seem to be no sense in any such distinction.

The order of the District Court is affirmed, without costs.