**In re L & V REALTY TRUST, Debtor.**

**Bankruptcy No. 86–10211–HAL.**

United States Bankruptcy Court, D. Massachusetts.

May 13, 1986.

Neal E. Satran, Satran, Reade & Marino, Boston, Mass., for debtor Corp. and Harold T. Vigdor.

Barry Wiener, Newton, Mass., for mortgagee, Alan E. Burack.

Horace J. Cammack, Jr., Sp. Asst. U.S. Atty., Boston, Mass., for movant, William F. Weld, U.S. Atty. (SBA).

## MEMORANDUM ON NOMINEE TRUST

HAROLD LAVIEN, Chief Judge.

The voluntary petition in question was filed on February 20, 1986 pursuant to 11 U.S.C. § 301. The Court must determine if the named debtor qualifies to file for bankruptcy as delineated within the Bankruptcy Code. 11 U.S.C. § 109(a) states that only a person may be a debtor. The Code defines person in 11 U.S.C. § 101(33) to include corporations. Corporations are defined in 11 U.S.C. § 101(8)(A)(v) to include business trusts. The question before the Court is whether the debtor trust is a business trust, which would qualify it within the Code as a proper debtor, or a nominee trust which would exclude it from the jurisdiction of the Bankruptcy Court.

The L & V Realty Trust was established on May 25, 1972. Originally, there were two named Trustees, Anthony A. Lavargna and Harold T. Vigdor, but, in August of 1974, Mr. Lavargna resigned. The beneficiaries of the Trust, Patricia A. Lavargna and Mary P. Vigdor, are sisters. Under the terms of the Trust instrument, the Trustees were given broad powers to make all decisions, to contract, to employ counsel, and to sue and be sued. The Trust held one asset, a piece of real estate, 668–676 Winthrop Avenue, Revere, Massachusetts, which was purchased in 1972. The sole occupant of the real estate, Suffolk Downs Cafe, Inc., was wholly owned by Harold T. and Mary Vigdor, the only present Trustee and his wife, a one-half beneficiary to the Trust. A loan was taken from the Metropolitan Credit Union in order to purchase this piece of real estate by the individuals; their wives, the beneficiaries of the Trust, did not participate in the financing. A mortgage for $29,000 was taken in 1979 from the Small Business Administration (SBA) to the Suffolk Downs Cafe, Inc., accompanied by a promissory note from Harold T. Vigdor, as Trustee. In November of 1983, another loan was taken for $45,000 under the same arrangement as above-mentioned. From 1979 through 1985, the Cafe rented its premises from the debtor under an arrangement in which the Cafe paid the principal, interest and taxes on the real estate. In August 1985, the Cafe was substantially destroyed by a fire, resulting in its closing. It was at this time that the Cafe stopped paying the principle and interest on the loans and taxes owed by the Trust.

After several continuances, a hearing was held in this matter at which time Mr. Harold T. Vigdor was the only witness to testify. In addition to the above-mentioned facts, Mr. Vigdor gave the following relevant testimony. Neither of the beneficiaries invested any money in the Trust or participated in any of the business decisions. There were no books kept for the Trust or accounting provided by the Trustee to the beneficiaries. The Cafe was responsible for the finances of the Trust. There had never been income tax returns filed on behalf of the Trust. The Trust did not maintain a checking account because the Cafe was responsible for all of its debts. There were no transferable certificates issued by the Trust to the beneficiaries.

■ The Trust in question does not qualify as a business trust. The Supreme Court delineated the characteristics of a business trust as required in Massachusetts in *Hect v. Malley*, 265 U.S. 144, 146, 44 S.Ct. 462, 463, 68 L.Ed. 949 (1924).

The "Massachusetts Trust" is a form of business organization, common in that State, consisting essentially of an arrangement whereby property is conveyed to trustees, in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from time to time be the holders

of transferable certificates issued by the trustees showing the shares into which the beneficial interest in the property is divided. These certificates, which resemble certificates for shares of stock in a corporation and are issued and transferred in like manner, entitle the holders to share ratably in the income of the property, and, upon termination of the trust, in the proceeds.

Under the Massachusetts decisions these trust instruments are held to create either pure trusts or partnerships, according to the way in which the trustees are to conduct the affairs committed to their charge. If they are the principals and are free from the control of the certificate holders in the management of the property, a trust is created; but if the certificate holders are associated together in the control of the property as principals and the trustees are merely their managing agents, a partnership relation between the certificate holders is created. *Williams v. Milton,* 215 Mass. 1, 6 [102 N.E. 355]; *Frost v. Thompson,* 219 Mass. 360, 365 [106 N.E. 1009]; *Dana v. Treasurer,* 227 Mass. 562, 565 [116 N.E. 941]; *Priestley v. Treasurer,* 230 Mass. 452, 455 [120 N.E. 100].

These trusts—whether pure trusts or partnerships—are unincorporated. They are not organized under any statute; and they derive no power, benefit or privilege from any statute. The Massachusetts statutes, however, recognize their existence and impose upon them, as "associations," certain obligations and liabilities.

The "obligations and liabilities" referred to above are outlined in Massachusetts General Laws Chapter 182 § 2, which states in part:

The trustees of an association or trust shall file a copy of the written instrument or declaration of trust creating it with the commissioner and with the clerk of every city or town where such association or trust has a usual place of business.

In this case there was neither an appropriate filing or the issuing of transferable shares. The court in *Pope and Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d 132 (1st Cir.1941) was presented with the question of whether a voluntarily declared bankrupt trust fits within the definition of debtor as used within the Bankruptcy Code. As part of the Court's determination that the Trust was not a business trust, it considered the following factors: the two beneficiaries did not contribute capital to the Trust, the beneficiaries were the mothers of the Trustees, the shares of the Trust were neither represented by certificates, nor transferable. In considering the similarity between the Trust presently under consideration and the critique by the court of the trust in *Pope and Cottle Co.* and the definition of a business trust given by the court in *Hect v. Malley, supra,* it is clear that the Trust in question does not satisfy the requirements of a business trust.

Having established the fact that the Trust is not a business trust, the next question to be resolved is whether, nonetheless, a nominee trust can file as a Chapter 11 debtor under 11 U.S.C. § 301. In order to file as a debtor, it is necessary that the petitioner meet the Code's definition of a debtor. As already mentioned, the Code defines "debtor" in 11 U.S.C. § 109(a) as a person and then expands on this definition in 11 U.S.C. § 101(33) to include corporations, among other entities, which it then defines in 11 U.S.C. § 101(8)(A)(V) to include business trusts.

The court in *Pope and Cottle Co. v. Fairbanks Realty Trust,* 124 F.2d at 135, after first determining that the trust in question was not a business trust, and citing to the operative section within the Code, went on to quote from the district court opinion [40 F.Supp. 77, 80]:

"While it is conceded that there are no certificates representing shares in the 'Fairbanks Realty Trust', it is urged that the trust instrument itself is a written instrument evidencing beneficial interests in the trust. This contention is not sustained. If Congress had intended to include within its definition of 'corpora-

tion' all trusts reduced to writing in which the trustees are empowered to conduct a business, it could easily have done so. Since it chose instead to use the language just quoted, it seems to me that only such trusts are included as employ some written instrument, other than the trust itself, for the purpose of evidencing the interests of the various beneficiaries therein." *In re Bloom,* D.C.N.D.Ill.1935, 10 F.Supp. 806, was cited.

The court in *Associated Cemetary Management, Inc. v. Barnes,* 268 F.2d 97 (8th Cir.1959) in deciding whether the trust was a proper debtor, emphasized that business trusts are included within the definition of debtor, while other forms of trusts are not. It pointed out that the presence of transferable shares was an overriding consideration in determining whether the trust was a business trust and, therefore, a proper debtor. Also, *see, Cantor v. Wilbraham & Monson Academy,* 609 F.2d 32 (1st Cir.1979).[1]

 Finally, it must be understood that if the petitioning trust is not a proper debtor as defined within the Bankruptcy Code, then this Court is without jurisdiction over its assets. As stated in *In re Associated Developers Trust,* 2 B.C.D. 903 (Bankr. Mass.1976):

Jurisdiction of the Bankruptcy Court is statutory. In order for jurisdiction to exist, it must be found within the terms of the Bankruptcy Act (11 U.S.C., Sec. 1-1255). *See Town of Agawam v. Connors,* 159 F.2d 360, 363 (1st Cir.1947); *Tamasha Town and Country Club v. McCalester Construction Finance*

*Corp.,* 252 F.Supp. 80, 85 (S.D.Cal.1966). *See also* 1 *Collier Bankruptcy Manual,* Para 2.01 (2d Ed.1976).

· · · · ·

This court does not have jurisdiction of this trust because jurisdiction must be granted to the court by the Congress in the Bankruptcy Act, and jurisdiction of private trusts without transferable shares has not been so granted.

This case is dismissed for lack of subject matter jurisdiction because the debtor is not a proper debtor, as defined in the Bankruptcy Code.

1. The Court recognizes the change made in the applicable statutory language that was present in the Bankruptcy Act of 1898 and deleted from the 1978 Bankruptcy Code. The 1898 Bankruptcy Act, 11 U.S.C. § 1(8), included within its definition of "corporation":

"any business conducted by a trustee or trustee wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Congress, in the 1978 Bankruptcy Code, replaced this language with a simple reference to business trust and it remains such within the Code in its present form. This change, when applied to the facts of this case, presents a distinction without a difference. First, the Supreme Court has defined business trust in Massachusetts to require transferable shares, *Hect v. Malley,* 265 U.S. at 146, 44 S.Ct. at 463. Second, even if it were theoretically possible to have a business trust in Massachusetts that did not comply with Massachusetts General Law 182 § 1, this is not that case. The court in reaching the decision that the Trust in question does not satisfactorily meet the requirements of a business trust considered its failure to meet the other factors mentioned in *Pope and Cottle Co.,* 124 F.2d at 133, as outlined above.