In re T.W. **KOEGER TRUCKING COMPANY, Debtor.**

**Bankruptcy No. 89–10330–BSS.**

United States Bankruptcy Court, E.D. Missouri.

Oct. 2, 1989.

Leonora S. Long, Atty/Advisor/movant, St. Louis, Mo., Office of the U.S. Trustee.

John T. Welch, Poplar Bluff, Mo., for debtor.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

On July 27, 1989, Mr. Thomas W. Koeger, on behalf of T.W. Koeger Trucking Company, an unincorporated business, (hereinafter the "Company"), filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The United States Trustee has filed a Motion To Dismiss Mr. Koeger's case because it places only the company rather than the individual in the Chapter 11 proceeding. Mr. Koeger claims that the company is the proper party under § 101(8)(A)(iv) of the Bankruptcy Code as an "unincorporated company".

### JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and determine pursuant to 28 U.S.C. § 157(2)(A).

### FACTS

The relevant facts in this case are not in controversy. Thomas Koeger is the sole owner of T.W. Koeger Trucking Company. The business, which is a sole proprietorship, has never been incorporated. In the past, Mr. Koeger has filed individual tax returns which reflect that he is doing business as "T.W. Koeger Trucking Company". Mr. Koeger filed a petition under Chapter 11 in the name of his Company rather than himself individually. Accordingly, only the Company's assets and liabilities are scheduled and not Mr. Koeger's non-business property and debt.

Mr. Koeger claims that the case is properly filed in the Company's name. The United States Trustee objects to the Company's designation as Debtor on the grounds that T.W. Koeger Trucking Company is not an unincorporated company or association within the meaning of § 101(8)(A)(iv) of the Bankruptcy Code. This Court agrees with the United States Trustee.

### DISCUSSION

The Bankruptcy Code enables corporations to file bankruptcy petition as it does any other "person". Section 101(8) defines "corporation" as the following:

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capi-

tal subscribed responsible for the debts of such association;

(iii) joint stock company;

(iv) unincorporated company or association; or

(v) business trust; but

(B) does not include limited partnership.

Mr. Koeger asserts that T.W. Koeger Trucking Company is the proper Debtor before the Court as an "unincorporated company or association" under § 101(8)(A)(iv) of the Bankruptcy Code. Thus, the issue before this Court is whether the debtor fits within either of these two definitions.

## I. CLASSIFICATION AS AN UNINCORPORATED ASSOCIATION

■ The Historical and Revision Notes to § 101 of the Bankruptcy Code state that an "unincorporated association" is intended specifically to include a labor union, as well as other bodies that come under that phrase as used under current law. Perhaps more helpful in arriving at a definition of "unincorporated association" is the Eighth Circuit's opinion in *Highway & City Freight Drivers, Dockmen and Helpers, Local Union No. 600 v. Gordon Transports, Inc.*, 576 F.2d 1285 (8th Cir.1978). In *Freight Drivers*, the Eighth Circuit faced the issue of whether a local labor union was a corporation, and thus a person under the Bankruptcy Act. Reversing the United States District Court for the Eastern District of Missouri, the Eighth Circuit affirmed the Bankruptcy Court, holding that a labor union is a person within the meaning of the Bankruptcy Act. 576 F.2d at 1287. Judge Lay, writing for the court, stated that the union was an association with "any of the powers and privileges of private corporations not possessed by individuals or partnerships within the meaning of the Act." *Id.* at 1287. Most importantly, for purposes of the instant case, is the Court's reaffirmation of the accepted definition of "association". Quoting the United States Supreme Court in *Hecht v. Malley*, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949 (1924), Judge Lay reaffirmed the fact that an association generally means "a body of

persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise". *Id.* at 1287, citing *Hecht v. Malley*, 265 U.S. 144, 157, 44 S.Ct. 462, 466–67, 68 L.Ed. 949 *quoting* 1 Abb.Law Dict. 101 (1879).

Upon reading the definition of "association", as articulated by the Supreme Court, it becomes apparent that this segment of the case can be dismissed rather briefly. The word "association" denotes a "body of persons united without a charter ..." *Hecht*, 265 U.S. at 157, 44 S.Ct. at 467. Thus, by its very nature, an association is a *group* of individuals joined together for a common purpose. T.W. Koeger Trucking, however, is a sole proprietorship, owned and operated by Thomas Koeger. Clearly this renders invalid the classification of the Company as an "unincorporated association" under § 101(8)(A)(iv) of the Bankruptcy Code, for with only one person there can be no association.

## II. CHARACTERIZATION AS AN UNINCORPORATED COMPANY

■ The remaining issue in this case is whether the Court may properly classify T.W. Koeger Trucking Company as an "unincorporated company". While briefly commenting on the "unincorporated association" in the Historical and Revision Notes, § 101 of the Bankruptcy Code lacks any definition of an "unincorporated company". However, Section 101(8)(A)(i) does state one of the general attributes which any corporation, including an unincorporated company, must have—a power or privilege that an individual or partnership does not possess. Thus, in the instant case, T.W. Koeger Trucking Company must possess some power or attribute which Thomas Koeger himself lacks.

■ Given § 101's lack of guidance regarding an "unincorporated company", the Court must look to case law for its definition of the term. In *Associated Cemetery Management, Inc. v. Barnes*, 268 F.2d 97 (8th Cir.1959), the Eighth Circuit held that an employees' profit sharing trust, an unin-

corporated company, was a "corporation" and thus a "person" within the meaning of the Bankruptcy Act. 268 F.2d at 101. In his opinion, Judge Matthes quoted language from *In re Poland Union*, 77 F.2d 855 (2nd Cir.1935), where the Second Circuit stated that:

> An unincorporated company, as used in the Bankruptcy Act, ... includes at least any unincorporated association or group of individuals whose object and purpose are either wholly or chiefly of the same kind as the object and purpose of a moneyed business or commercial corporation. *Id.* at 856.

For further guidance on the definition of "unincorporated company", the Eighth Circuit in *Associated Cemetery* turned to the First Circuit's opinion in *Pope & Cottle Co. v. Fairbanks Realty Trust*, 124 F.2d 132 (1st Cir.1941). In *Pope & Cottle*, the court stated:

> The courts have not attempted to give any comprehensive definition of 'unincorporated company' but have inclined to decide each case on its facts as it arose. In general, the organizations which they have held to be subject to involuntary bankruptcy in this category have been unincorporated associations of persons joining together at least in part for some common business or commercial purpose, and conducting their affairs somewhat after the pattern of corporations. *Id.* at 134.

The court went on to state: "We doubt very much whether the words 'and association' add anything to the words 'unincorporated companies' used in the same phrase." *Id.* at 135. Thus, it appears that the First Circuit believed the two words to be practically synonymous.

Given the Eighth Circuit's reliance on both *Poland Union* and *Pope & Cottle*, it appears that this Circuit also believes the words "unincorporated companies and associations" mean virtually the same thing. That is, each denotes a group of individuals brought together to conduct a business. Such a reading of *Associated Cemetery* would therefore defeat Mr. Koeger's claim that T.W. Koeger Trucking Company is an unincorporated company (and thus a "person" for purposes of the Bankruptcy Code).

Based on *Associated Cemetery*, the Company falls outside of the definition simply because it is a sole proprietorship.

In summary, the Court realizes that allowing Mr. Koeger's filing may present a grave danger to creditors of such a sole proprietor. Allowing the proprietor to file only in his company's name may present him with an opportunity to shield unjustifiably his personal assets from creditors by hiding behind the "corporate veil". The Bankruptcy Code requires a corporation to have some power or privilege which an individual does not. § 101(8)(A)(i). In the case of a sole proprietorship, this becomes impossible under Missouri law. In Missouri, a sole proprietorship is treated as an individual. *Morgan Wightman Supply Co. v. Smith*, 764 S.W.2d 485, 492 (Mo.App. 1989). Thus, because the sole proprietor has no powers beyond that of an individual in Missouri, the scope of the classification "unincorporated company or association" does not embrace a sole proprietorship such as the one in this case. Accordingly, it is

ORDERED that T.W. Koeger Trucking Company is not a proper Debtor under § 101(8)(A)(iv) of the Bankruptcy Code, and the Motion of the United States Trustee is GRANTED and this Chapter 11 proceeding is DISMISSED.